UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMANDA LOVE and WINGO SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY d/b/a FEDLOANS SERVICING, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>1:19-cv-02387-JPB |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the Court is Plaintiffs Amanda Love ("Love") and Wingo Smith's ("Smith") (collectively "Plaintiffs") Motion for Reconsideration ("Motion"). ECF No. 34. Having reviewed and fully considered the papers filed therewith, the Court finds as follows:

### I.   BACKGROUND

Plaintiffs' complaint against PHEAA alleged several claims against Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") related to PHEAA's administration of the federal government's Public Service Loan Forgiveness program (the "PSLF Program"). The PSLF Program was designed to

provide debt relief to students who accept traditionally less lucrative public sector employment.

PHEAA filed a Motion to Dismiss Plaintiffs' Complaint arguing that: (i) Plaintiffs lacked standing because they did not allege an injury-in-fact and their claims were not ripe; (ii) the Higher Education Act ("HEA"), pursuant to which Congress created the regime for federal student loans, preempted Plaintiffs' state law claims; (iii) PHEAA has derivative immunity as a federal contractor; and (iv) Plaintiffs failed to state a claim.

On March 16, 2020, the Court entered an Order dismissing Plaintiffs' Complaint for two reasons (the "Order"). First, the Court found that Plaintiffs did not have standing to bring their claims (except the libel count) because the claims were not ripe and were not "'certainly impending'" since they depended on future contingencies. Second, the Court concluded that even if Plaintiffs had standing to bring the claims, they failed to state claims upon which relief could be granted.

In this Motion, Plaintiffs argue that newly discovered evidence, an intervening development in controlling law and a need to correct a clear error of law requires the Court to revisit its Order.

## II.    DISCUSSION

Courts may grant a motion for reconsideration under Local Rule 7.2(E) "only if the moving party clears a high hurdle." *Chesnut v. Ethan Allen Retail, Inc.*, 17 F. Supp. 3d 1367, 1370 (N.D. Ga. 2014). That rule dictates that "[m]otions for reconsideration shall not be filed as a matter of routine practice" and may be filed only when "absolutely necessary." "Reconsideration is only 'absolutely necessary' where there is:  (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).

Significantly, Local Rule 7.2(E) does not "afford[] a dissatisfied party an opportunity to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Chesnut*, 17 F. Supp. 3d at 1370. A motion for reconsideration is not "an opportunity to show the court how it 'could have done it better.'" *Bryan*, 246 F. Supp. 2d at 1259.

The Court addresses each of Plaintiffs' contentions in turn.

### A.     Newly Discovered Evidence

Plaintiffs offer for the Court's consideration documents indicating that: Smith applied for loan forgiveness under the PSLF Program and was approved but he ultimately made three more payments than was necessary; Plaintiffs rejected private sector job offers while enrolled in the PSLF Program; and audits of PHEAA's performance revealed failures to abide by the terms of its contract with the Department of Education.  Plaintiffs argue that these documents demonstrate that they have standing to bring the claims.

Among other arguments, PHEAA responds that because its Motion to Dismiss was based on a facial attack to the Complaint, the Court is not permitted to review the proffered documents, which are extrinsic to the Complaint.[1]

Setting aside the issue of whether these documents are indeed "newly discovered," the Court agrees with PHEAA that the Court's review of PHEAA's Motion to Dismiss, which was based on a facial attack to the Complaint, was limited to the allegations set forth in the Complaint.  Therefore, Plaintiffs cannot now seek to introduce evidence extrinsic to the Complaint for the Court's consideration.  *See McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501

---

[1] Plaintiffs did not file a reply brief and did not otherwise respond to this or any of PHEAA's arguments in opposition to their Motion.

4

F.3d 1244, 1251 (11th Cir. 2007) (stating that a facial attack on the complaint "'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion'"). The Court finds that Plaintiffs' argument for reconsideration based on newly discovered evidence lacks merit.

### B. Change in Controlling Law

Plaintiffs assert that the Eleventh Circuit's decision in *Lawson-Ross v. Great Lakes Higher Education Corporation*, 955 F.3d 908 (11th Cir. 2020), is controlling law that requires the Court to reconsider its decision. In that case, the court "confront[ed] the question of whether the [the plaintiffs'] state law claims [were] preempted, expressly or otherwise, by the [Higher Education Act]" and concluded that they were not. *Id*. at 916.

As PHEAA points out, that decision is not applicable here since the Court's Order expressly stated that it did "not reach the preemption issue because Plaintiffs' state law claims fail[ed] as a matter of law." Accordingly, the *Lawson-Ross* opinion is a not a proper basis for reconsideration of the Court's Order.

### C. Clear Error of Law

In a nutshell, Plaintiffs assert that the Court made a clear error of law by relying on mortgage servicing cases in its opinion whereas there is a "necessary distinction between student loan servicers and mortgage servicers under the law."

However, not only did Plaintiffs fail to raise the issue of this purported distinction in their brief opposing PHEAA's Motion to Dismiss, but they have not provided *any* authority supporting it.  Instead, they attempt to cobble together a patchwork of opinions discussing either student loans or mortgage loans and then make the unsupported leap that the conclusions of the cases must be read exclusively in those contexts.  Plaintiffs have therefore not presented any "clear" error for the Court's reconsideration.

A motion for reconsideration does not permit Plaintiffs to raise an argument that they could have raised prior to the entry of the Court's judgment.  Nor is it an opportunity to introduce novel legal theories to test whether the Court will change its mind.  *See Chesnut*, 17 F. Supp. 3d at 1370.  Because Plaintiffs have not shown that a reconsideration of the Court's Order is appropriate here, their Motion (ECF No. 34) is **DENIED**.

**SO ORDERED** this 22nd day of February, 2021.

_____
J. P. BOULEE
United States District Judge